UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CHRISTOPHER THIEME,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil No. 21-cv-1750 (APM) |
| **MERRICK GARLAND, in his official capacity as Attorney General of the United States, et al.,** | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, a federal prisoner appearing *pro se*, brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, against U.S. Attorney General Merrick Garland, the U.S. Department of Justice, and the U.S. Sentencing Commission. For the reasons explained below, this case will be dismissed for want of jurisdiction.

**II.   BACKGROUND**

Plaintiff is serving a 210-month prison sentence for a murder for hire conviction. *See Thieme v. United States*, No. 19-cv-15507 (SDW), 2020 WL 1441654, at *1 (D.N.J. Mar. 24, 2020), *cert. of appealability denied*, No. 20-1839, 2020 WL 6707326 (3d Cir. July 29, 2020). From all indications, Plaintiff received an enhanced sentence under the federal sentencing guideline titled "Conspiracy or Solicitation to Commit Murder," which provides that "[i]f the offense involved the offer or the receipt of anything of pecuniary value for undertaking the murder, increase [the offense level] by 4 levels." U.S.S.G. § 2A1.5(b)(1). He "seeks judicial review of"

the "application and enforcement of" that guideline to "criminal defendants convicted of committing 18 U.S.C. § 1958(a)," claiming that such application and enforcement violates "the Double Jeopardy and Due Process Clauses of the Fifth Amendment of the United States Constitution."[1]  Compl. ¶ 5.  Plaintiff alleges that because of the constitutional error, he received a sentence "of 75 to 102 months more than he would have otherwise been ordered to serve." *Id*. ¶ 36.  In addition to a declaratory judgment, Plaintiff seeks "appropriate injunctive or mandamus relief pursuant to 28 U.S.C. §§ 2202, 1361, and 1651." *Id*. ¶ 5.

## III. DISCUSSION

"It is a 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction.' Rather, 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'" *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (quoting *C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth*., 310 F.3d 197, 201 (D.C. Cir. 2002) (other citations omitted)).  In addition, it is "well-settled that a prisoner seeking relief from his . . . sentence may not bring [ ] an action" for injunctive and declaratory relief.  *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam).  Such is the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), which also forecloses Plaintiff's claim for mandamus relief, *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (mandamus "cannot be used as a substitute for habeas corpus"); *see also Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (the three requirements of mandamus jurisdiction are (1) the plaintiff's clear and indisputable right to relief, (2) the defendant's clear duty to act, and (3) *the lack of* "an

---

[1] Although Plaintiff purports to plead on behalf of other criminal defendants, he is *pro se* and therefore able to "plead and conduct" his case only.  28 U.S.C. § 1654; *see U.S. ex rel. Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 15–16 (D.D.C. 2003) (surveying cases concluding same).

*adequate alternative remedy*"; "unless all are met, a court must dismiss the case for lack of jurisdiction" (emphasis added)).

Plaintiff offers preemptively that his success "on this constitutional challenge to USSG §2A1.5(b)(1) to 18 U.S.C. §1958(a) convictions would not necessarily imply the [in]validity of his confinement or shorten its duration. It would only allow him to seek further review which the District Courts retain full discretion to deny." Compl. ¶ 40; *see Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (establishing prerequisites for prisoner suits challenging criminal judgments); *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (*Heck* applies "no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (alterations in original)). The D.C. Circuit has "rejected precisely such efforts to manipulate the preclusive effect of habeas jurisdiction," explaining "that it [does] not matter that [the plaintiff] had not asked for release, since if he prevailed on his claims he would be immediately entitled to release or a new trial because of the issue preclusion effect of the judgment here." *LoBue v. Christopher*, 82 F.3d 1081, 1083 (D.C. Cir. 1996) (citing *Monk v. Secretary of the Navy,* 793 F.2d 364 (D.C. Cir. 1986)).

Plaintiff's remedial right lies in the sentencing court, *see id*. at 1082–83 (quoting 28 U.S.C. § 2255), which admittedly has denied post-conviction relief, *see* Compl. ¶ 38 ("Plaintiff raised this issue in his 2255 motion, but it was not heard on the merits due to the motion's dismissal as procedurally time-barred."). This court lacks subject matter jurisdiction either to review the sentencing court's decision, *see United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011), or "to hear [this] declaratory judgment action," *LoBue*, 82 F.3d at 1082. And "[i]If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the

action." Fed. R. Civ. P. 12(h)(3) (emphasis added); *see Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) ("[T]he rule is strict that once a court determines that it lacks subject matter jurisdiction, it can proceed no further."). A separate order of dismissal accompanies this memorandum opinion.

Dated: August 3, 2021

Amit P. Mehta
United States District Judge